he could be sentenced to death only upon the jury's unanimous vote and the independent approval of the trial judge.

It is no answer to assume, as did the Ohio Supreme Court, that petitioner's "opportunity to consult with counsel," *id.*, at 26, 559 N. E. 2d, at 468, was an adequate substitute for a full inquiry in open court. The Ohio Supreme Court made no effort to ascertain whether counsel had even conferred with petitioner at all, or, if they did confer, what petitioner was told. As I have noted before, courts cannot confidently assume that defense counsel have apprised a capital defendant of the considerations relevant to a decision to waive his right to a jury.

> "A presumption that defendant's counsel will always inform him of the relevant factors in a decision to waive constitutional rights amounts to a rule that all waivers made after the defendant has retained counsel *necessarily* will be considered voluntary, knowing, and intelligent. Such a rule offends common sense and impermissibly strips a defendant of constitutional protections long recognized by this Court." *Robertson* v. *California*, 493 U. S. 879, 881 (1989) (MARSHALL, J., dissenting from denial of certiorari).

Such casual presumptions not only have no place in matters of life and death but also contravene "[t]he requirement that *the prosecution* spread on the record the prerequisites of a valid waiver." *Boykin* v. *Alabama*, 395 U. S. 238, 242 (1969) (emphasis added). When a defendant purports to waive a fundamental constitutional right, "it is the State that has the burden of establishing a valid waiver." *Michigan* v. *Jackson*, 475 U. S. 625, 633 (1986). Because the State clearly has not met that burden in this case, I would grant the petition for certiorari.

II

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia, supra,* at 231 (MARSHALL, J., dissenting), I would grant the petition for certiorari and vacate petitioner's death sentence even if I did not believe this case otherwise merited review.

No. 89–1944.   OHIO *v.* HUERTAS, *ante,* p. 336;
No. 89–7787.   VILLEGAS *v.* CALIFORNIA, *ante,* p. 966;

No. 90–90.   Hughes v. United States, *ante*, p. 980;

No. 90–484.   Taber, dba Tabers Grass Farm v. Pledger, Director, Arkansas Department of Finance and Administration, *ante*, p. 967;

No. 90–532.   Banks v. Sterling Merchandise, Inc., et al., *ante*, p. 982;

No. 90–5627.   Johnson et al. v. United States, *ante*, p. 1029;

No. 90–5931.   Harris v. Cato et al., *ante*, p. 1030;

No. 90–5938.   Gleason v. Stewart, Judge, Harris County, Texas District Court, et al., *ante*, p. 1001;

No. 90–5941.   Mattson v. California, *ante*, p. 1017;

No. 90–5981.   Endres v. Armontrout et al., *ante*, p. 1014;

No. 90–5991.   Rodriguez-Diaz v. Florida et al., *ante*, p. 1015;

No. 90–6020.   Cassidy v. Rose, Klein & Marias et al., *ante*, p. 1002;

No. 90–6031.   Sowell v. Maloney, Deputy Commissioner, Massachusetts Department of Correction, *ante*, p. 1002;

No. 90–6051.   In re Sindram, *ante*, p. 177;

No. 90–6054.   Kinder v. Sandberg et al., *ante*, p. 1002;

No. 90–6116.   Canterbury v. Kalisz, *ante*, p. 1033;

No. 90–6118.   Desmond v. Department of Defense, *ante*, p. 1070;

No. 90–6171.   Moore v. Kansas Department of Social and Rehabilitation Services et al., *ante*, p. 1034;

No. 90–6230.   Martin v. Townsend et al., *ante*, p. 1036;

No. 90–6280.   Young v. Johnson, Warden, *ante*, p. 1051; and

No. 90–6313.   Ganey v. Wilson et al., *ante*, p. 1071.   Petitions for rehearing denied.

No. 89–6872.   Daly v. United States, 496 U. S. 927.   Motion for leave to file petition for rehearing denied.   Justice Souter took no part in the consideration or decision of this motion.

No. 90–543.   Giannini v. Real, Chief Judge, United States District Court for the Central District of California, et al., *ante*, p. 1012.   Motion of petitioner to defer consideration of petition for rehearing denied.   Petition for rehearing denied.